UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LITTLE CAESAR ENTERPRISES, INC.
and LC TRADEMARKS, INC.,

        Plaintiffs,

v.                                       Case Number 11-13163
                                          Honorable David M. Lawson

DIVINE COMMERCIAL ENTERPRISES,
INC., KATHERINE VEGA, THE SNAK
SHOP, CORP., DIVINE PROPERTY
MANAGEMENT, INC., and SOPHIA VEGA,

        Defendants.
_____/

## ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Presently before the Court is the plaintiffs' motion for a preliminary injunction, filed on July 21, 2011. Plaintiffs' counsel was obliged under the local rules to seek concurrence in the relief requested from counsel for the defendants and indicate the result of their conversation in his motion papers. *See* E.D. Mich. LR 7.1(a). However, rather than comply with that rule, plaintiffs' counsel merely indicated, "[d]ue to the Defendants' current noncompliance with the Notice of Termination and the early procedural posture of this case, Little Caesar was unable to conduct a conference seeking concurrence." Mot. at 1-2.

In this district, movants must seek concurrence in the relief requested before filing a motion for relief in this Court. E.D. Mich. LR 7.1(a). To meet this requirement, Local Rule 7.1(a)(2) explains that there must be "a conference between the attorneys . . . in which the movant explained the nature of the motion and its legal basis and requested but did not obtain concurrence in the relief sought." LR 7.1(a)(2)(A). If a conference was not possible, then the counsel for the movant must

certify that "despite *reasonable effort specified in the motion or request*, the movant was unable to conduct a conference." LR 7.1(a)(2)(B) (emphasis added).

The Oxford English Dictionary defines a "conference" as "the action of bringing together" or "meeting for conversation." Oxford English Dictionary, "Conference, n." (online ed. Jun. 2010), *available at* http://www.oed.com/view/Entry/38740 (last visited July 27, 2011). The idea behind the rule requiring opposing counsel to "meet[] for conversation," of course, is to stimulate discussion about the dispute that is the subject of the motion in order to attempt a resolution that would not require court intervention.

The Court is well aware that sometimes it may be difficult to engage unrepresented parties in a conference. However, that circumstances alone does not excuse a moving party from making the attempt. Sometimes when preliminary injunctive relief is sought, the mere request for such court intervention may precipitate the very harm the injunction would prevent. But no such allegation has been made by the plaintiffs in this case. To prevent the meet-and-confer requirement from becoming an insurmountable obstacle to obtaining relief by motion, the local rule allows the movant to explain the efforts made at conferring with the opponent, but those efforts must be "reasonable," and the explanation must be complete. This safety valve provision is not meant to be a substitute for the meet-and-confer obligation or a convenient way to avoid it.

The Court requires meaningful, good faith compliance with the rule. As the definition suggest, a conference normally involves actual contact with an opposing party. If an actual conversation simply cannot be conducted, the movant must describe with specificity that reasonable efforts were made to conduct the conference. The plaintiffs' motion provides no indication that plaintiffs' counsel even attempted to contact the defendants or their attorneys, if they have any. The

plaintiffs have not demonstrated reasonable efforts to conduct a conference with the defendants on the subject of the motion. The lack of diligence and *pro forma* attempt at compliance with the local rules serves neither the letter nor the spirit of the rule.

The motion in this case seeks a preliminary injunction to prevent the defendants from operating a competing business or using the plaintiffs' proprietary marks. Although it is uncertain whether the defendants would agree to such relief while the lawsuit is pending, it is incumbent on the plaintiffs to ascertain whether the relief can be obtained without court intervention. The plaintiffs have made no effort to do so. "It is not up to the Court to expend its energies when the parties have not sufficiently expended their own." *Hasbro, Inc. v. Serafino,* 168 F.R.D. 99, 101 (D. Mass. 1996). Because the plaintiffs' statement of concurrence does not comply with the local rules or aid the Court in adjudicating the plaintiffs' request for an extension, the Court must deny the motion it attempts to support.

Accordingly, it is **ORDERED** that the plaintiffs' motion for preliminary injunction [dkt. #4] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: July 28, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 28, 2011.

s/Deborah R. Tofil
DEBORAH R. TOFIL